Meyer, J.
(concurring). While I concur in the result because the facts of this case do not fit the rule of May Metropolitan Corp. v May Oil Burner Corp. (290 NY 260), I cannot concur in the majority’s rejection of that case as necessarily inapplicable to litigation concerning leases. That the setting of that case was commercial and that its principle is now incorporated in a statute (the Uniform Commercial Code) which by its terms is not applicable to real estate is irrelevant to the question whether the principle can be applied in real estate cases.
As we recognized in Farrell Lines v City of New York (30 NY2d 76, 82, quoting from A.Z.A. Realty Corp. v Harrigan’s Cafe, 113 Misc 141, 147): “An agreement of lease possesses no peculiar sanctity requiring the application of rules of construction different from those applicable to an ordinary contract.” To the extent that the majority opinion can be read as holding that no course of dealing between the parties to a lease could make a clause providing for renewal at a rental “to be agreed upon” enforceable I do not concur.